years thereafter, *and provided also that the parents of such child shall be deceased when such relationship commenced*, or to any lineal descendant of such decedent, grantor, donor or vendor born in lawful wedlock, such transfer of property shall not be taxable under this act. * * * " (The italics are mine.)

No question is raised but that the share of Adaline in the personal property should be taxed, as it is conceded that she was over 15 when the relationship began. The shares of Lucretia and Edgar were not taxed, although it is conceded that their parents were not deceased when said relationship commenced; such relationship having begun upon the marriage of their father to the testatrix. And in this respect we think the learned surrogate erred, because, by the clause of the statute which I have italicized, they are expressly excluded from the class whose shares are exempted. The right of the Legislature to impose a tax upon the transfer of decedents' property, whomsoever the transferee may be, is undoubted, and a person claiming to be excepted from the general provisions of the statute must bring himself within the terms of the exception. The statute was amended in 1905 by the addition of the clause italicized, which is too plain to admit of construction. By it the Legislature has plainly limited the exempt class of persons to whom the decedent stood in the mutually acknowledged relation of parent, not only to those whose relationship began at or before their fifteenth birthday and continued for ten years thereafter, but also to those whose parents were deceased at the time the relationship commenced. I am unable to discover any satisfactory reason for such limitation. If it is desirable, as it plainly is, to treat as natural children those who stand in the mutually acknowledged relation of children to the deceased, it would seem that all who stand in such relation should be so treated, and the only conditions that ought to be imposed are such as will prevent imposition and fraud. I apprehend that there are few cases in which legatees have stronger claims to be treated as children than those in the case at bar, and yet they are excluded from such class by said amendment. But, however much we may feel like condemning it, the Legislature clearly had the power to impose the condition, and we are compelled to give it effect.

The order appealed from should be modified by inserting a provision imposing a tax of 5 per cent. on the personal property bequeathed to Lucretia W. Corey and Edgar F. Wheeler, and, as modified, affirmed, without costs of this appeal to either party. All concur.

---

(115 App. Div. 569)

### CLANCY v. NEW YORK CITY RY. CO.

(Supreme Court, Appellate Division, Second Department. November 16, 1906.)

1. STREET RAILROADS—OPERATION—NEGLIGENCE—COLLISION WITH VEHICLE.

It was negligence for the operatives of a street car, which collided with plaintiff's vehicle, to cause it to approach a street intersection at a speed of 15 miles an hour.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 190–194, 200.]

2. SAME—CONTRIBUTORY NEGLIGENCE.

In an action against a street railroad for injuries to plaintiff's horse in a collision between plaintiff's team and a car, it appeared that, when plain-

tiff drove into the street in which the tracks were laid, the car was a block distant and approaching at a speed of 15 miles an hour, and the team moving at the rate of 4 or 5 miles an hour; that plaintiff undertook to cross the track, and, when he saw that a collision was probable, turned his team sharply to the direction in which the car was going. *Held*, that such facts did not show contributory negligence.

[Ed. Note.—For cases in point, see vol. 44, Cent. Dig. Street Railroads, §§ 210–216.]

Appeal from Municipal Court of New York.

Action by Frank J. Clancy against the New York City Railway Company. From a judgment in favor of plaintiff, defendant appeals. Affirmed.

Argued before HIRSCHBERG, P. J., and WOODWARD, HOOKER, RICH, and MILLER, JJ.

William E. Weaver, for appellant.

WOODWARD, J. This is an action to recover damages for an injury to plaintiff's horse, resulting in the complete loss of the animal. If the plaintiff's principal witness, his driver, is to be believed, the accident occurred under such circumstances that the defendant is liable, and this would seem to be true if the accident occurred in the manner described by other witnesses, though the two versions materially differ. The accident, according to the driver, resulted as follows: The team was on Fifty-Seventh street, crossing Third avenue. As the team came into Third avenue, the defendant's car was near Fifty-Eighth street, running at 15 miles an hour. The team was going at the rate of 4 or 5 miles an hour, and had crossed the north-bound track, and was well over the south-bound track, when defendant's car hit the rear wheel of the truck and turned it around in such a way that the horse's leg was broken in the wreck. Other witnesses testify that the team did not reach the south-bound track; that the driver apparently anticipated a collision, and turned his team sharply to the south, in the direction the car was going, and that the car struck the plaintiff's wagon as it was running along in the same general direction. But in either event the car was undoubtedly approaching a street intersection at a rate of speed which the court was justified in holding to constitute negligence, and the action of the driver, either in attempting to cross, where he apparently had plenty of time, or in turning his team to the south in an effort to avoid the collision, would justify the conclusion of absence of contributory negligence, so the mere fact that the witnesses do not agree upon exactly what occurred does not defeat the plaintiff's right to recover, provided the facts established by the evidence were such as to fix responsibility for the accident, and we are of opinion that the plaintiff established the necessary facts.

The judgment appealed from should be affirmed, with costs. All concur.